996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Wilburn MENEFIELD, Plaintiff-Appellant,
v.
L. STRADLEY, et al., Defendant-Appellee.
 No. 92-16350.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 1, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Menefield, a California state prisoner, appeals pro se the district court's denial of his motion for a preliminary injunction. Menefield alleged that defendants Sergeant Stradley and Lieutenant Bird, officers at California Correctional Institution at Tehachapi, caused him to be transferred to Pelican Bay State Prison in retaliation for his threat to file a civil rights action challenging the Department of Corrections "strip-cells" policy. He sought a preliminary injunction ordering his transfer back to CCI. The court found that the record did not support the allegations of retaliation and denied the injunction. We affirm.
 
 I.
 
 3
 The denial of a preliminary injunction is subject to a limited standard of review. We reverse the denial "only when the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact." Religious Technology Ctr., Church of Scientology Int'l, Inc. v. Scott, 869 F.2d 1306, 1309 (9th Cir.1989).
 
 
 4
 To obtain a preliminary injunction, the moving party must demonstrate either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury. Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir.1985).
 
 
 5
 The court held that Menefield failed to demonstrate a threat of irreparable injury because he did not make a sufficient showing that prison officials had taken retaliatory action. Bare allegations of retaliation will not suffice, by themselves, to sustain a claim of unlawful retaliation. Cf. Rizzo v. Dawson, 778 F.2d 527, 532 n. 4 (9th Cir.1985). Even dismissal may be warranted where "there was no factual support for the allegations or the factual support was contradicted by facts that the court could notice or that were apparent in the record." Id. See also Pratt v. Rowland, 769 F.Supp. 1128, 1133 (N.D.Cal.1991) (dismissing retaliation claim against one defendant because complaint lacked specific allegations tying him to prison transfer or other acts complained of).
 
 
 6
 The magistrate found that Menefield failed to show that either defendant was responsible for his transfer to Pelican Bay. After considering Menefield's objections to the magistrate's order, the court agreed that Menefield's allegations were unsupported by the record. A classification committee, which included neither defendant, recommended Menefield's transfer. Menefield offered no evidence that Bird or Stradley initially placed him on the committee's list for transfer consideration. Menefield relied on a document signed by Bird. That document merely notified Menefield of the classification committee's transfer hearing. It did not indicate that Bird placed him on a transfer list.
 
 
 7
 The factual findings underlying the court's decision were not clearly erroneous. We agree with the district court that because Menefield's allegations lacked factual support, he could not demonstrate an unlawful retaliation and thus did not demonstrate irreparable injury. His motion for a preliminary injunction was properly denied.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3